Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| SERVICENTRO AUTOMOTRIZ DEL SUR, INC., REPRESENTADO POR SU PRESIDENTE, ROBERTO MÁRQUEZ CASTILLO<br>Parte Recurrida<br><br>v.<br><br>INTEGRAND ASSURANCE COMPANY<br><br>**ASOCIACIÓN DE GARANTÍAS DE SEGUROS MISCELÁNEOS**<br>Parte Peticionaria | KLCE202500036 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2019CV02108<br><br>Sobre: Reclamación Seguros- Huracán María |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2025.

El 13 de enero de 2025, compareció la Asociación de Garantías de Seguros Misceláneos (en adelante AGSM) en virtud de la Orden de Liquidación emitida a Integrand Assurance Company. Nos solicita que revoquemos la Resolución dictada por el Tribunal de Primera Instancias, Sala Superior de Ponce (en adelante TPI), el 4 de noviembre de 2024. En el referido dictamen y al amparo de la Regla 34.3 (b)(3) de Procedimiento Civil,[1] el TPI prohibió a la perito[2] de AGSM a declarar sobre los términos, condiciones, cubiertas y exclusiones de la póliza de seguro, ni en relación con las defensas afirmativas planteadas en la contestación a demanda relacionadas con la póliza de seguros. Solamente podría declarar como perito en el área de contabilidad pública. Lo anterior, debido a que AGSM

---

[1] 32 LPRA Ap. V, R. 34.3(b)(3).
[2] La Sra. Carmen Vega es Contadora Pública Autorizada.

Número Identificador

RES2025_____

nunca anunció a la CPA Carmen Vega como experta de seguro y ante el reiterado incumplimiento de AGSM con las contestaciones del interrogatorio.

Examinada la solicitud de AGSM y tras un estudio detenido del expediente de autos, resolvemos denegar la expedición del auto de *certiorari*.

## II.

En apretada síntesis, Servicentro Automotriz del Sur, Inc. (en adelante SAS) notificó un interrogatorio a AGSM el 4 de junio de 2023. Ante la falta de respuesta, el 5 de julio de 2023, SAS comenzó los esfuerzos para que AGSM contestara el mismo conforme a la Regla 34 de las de Procedimiento Civil -32 LPRA Ap. V, R. 34-.

El 7 de agosto de 2023, estaba señalada una conferencia con antelación al juicio, la cual fue convertida en una vista sobre el estado de los procedimientos. En esa ocasión AGSM seguía sin contestar el interrogatorio, por lo que el TPI le concedió término adicional de 15 días para que cumplieran. Dicho término venció el 22 de agosto de 2023 y AGSM nunca contestó.

El descubrimiento solicitado por SAS iba dirigido a conocer la prueba que la AGSM pretendía presentar durante el juicio. Resulta pertinente señalar que el TPI extendió en más de tres ocasiones los descubrimientos de prueba, siendo la última fecha el **13 de mayo de 2024**.

Así las cosas, el 18 de octubre de 2024 (apenas 10 días ante de la Conferencia con Antelación a Juicio), AGSM envió una contestación al interrogatorio. Evaluada la misma, SAS la catalogó como una contestación proforma, con respuesta evasivas y genéricas. El 28 de octubre de 2024, se celebró la Conferencia con Antelación al Juicio, como parte de los procedimientos y, luego de los correspondientes argumentos, las partes dejaron sometida la controversia de la contestación al interrogatorio por parte de AGSM,

la cual incidía directamente con la participación de la perito. En esa vista es que se menciona, por primera vez, que la CPA testificaría como perito en materia de seguros. A lo cual SAS se opuso.

Con fecha del 4 de noviembre de 2024, el TPI emitió su Resolución que dispuso de la controversia que quedó pendiente durante la conferencia con antelación al juicio. Después de un detallado análisis por el TPI, éste concluyó -contundentemente- que AGSM incumplió con la contestación al pliego de interrogatorio, a pesar de las múltiples prórrogas concedidas. El foro primario detalló en ocho instancias el fundamento de su dictamen.

El TPI resaltó que AGSM nunca ofreció alguna causa justificada por su reiterado incumplimiento que los exonerara de la limitación impuesta a las declaraciones de su perito durante el juicio. SAS, indudablemente, necesitaba auscultar los hechos en que se basaba AGSM para negar los hechos, la cubierta de seguro en controversia y las defensas afirmativas que alegó en su contestación. No escapa el hecho que el interrogatorio cursado por SAS fue el único mecanismo de descubrimiento que utilizó y nunca le fue contestado adecuadamente. El TPI concluyó que la falta de una contestación al interrogatorio ponía en desventaja a SAS. En cuanto a la perito, AGSM intentó justificar su pericia en el área de seguro por el contenido del informe pericial que ella radicó y se notificó el 5 de septiembre de 2023. Dicho informe fue evaluado por el TPI y concluyó que nada mencionada, ni detalla con relación a seguros o cubiertas. Por último, el TPI indicó que AGSM antes del 28 de octubre de 2024, nunca anunció a la CPA Carmen Vega como experta o perito en seguros.

A la luz de lo anterior, el TPI dispuso en su dictamen, lo siguiente:

> Conforme a lo anteriormente expuesto, conforme las disposiciones de la Regla 34.3(b)(3) de Procedimiento Civil, *supra,* se limita la presentación de la CPA Carmen

Vega como CPA, se prohíbe su presentación como perito en el área de seguros, en pólizas de seguros, no podrá declarar con relación a las materias que no contestó del interrogatorio, en específico se prohíbe declarar sobre los términos, condiciones, cubiertas y exclusiones de la póliza de seguros, ni en relación con las defensas afirmativas planteadas en la contestación a demanda relacionadas con la póliza de seguros.

El 25 de noviembre de 2024, AGSM radicó una moción de reconsideración. La misma fue declarada no ha lugar el 13 de diciembre de 2024. Bajo el fundamento que la reconsideración no expuso con suficiente particularidad y especificidad los hechos y derecho que AGSM estimara debían reconsiderarse.

Inconforme, AGSM acude ante nosotros, señalando el siguiente error.

Erró el Tribunal de Primera Instancia al imponer como sanción para todos efectos prohibir el testimonio que ofrecerá en el Juicio la perito CPA Carmen Vega.

**III.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.

En los casos civiles, la Regla 52.1 de Procedimiento Civil, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*. La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de

interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según lo dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari.* Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Es decir, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con

prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".

**B.**

El descubrimiento de prueba permite a las partes descubrir, obtener o perpetuar la prueba necesaria para sustentar sus alegaciones en el acto del juicio. Además, está basado en el principio básico de que antes del juicio, las partes tienen derecho a descubrir toda información relacionada con su caso, independientemente quién la posea. Las normas que regulan el procedimiento de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia, (2) obtener evidencia para ser utilizada en el juicio, evitando una sorpresa en esta etapa de los procedimientos, (3) facilitar la búsqueda de la verdad y (4) perpetuar evidencia. Su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso.

Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal. Únicamente existen dos limitaciones al descubrimiento: (1) que lo que se pretende descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. No obstante, el Tribunal de Primera Instancia tiene entera discreción para establecer las reglas que entienda necesarias para llevar a cabo el descubrimiento de prueba. En ese ejercicio, puede limitar el alcance y los mecanismos de descubrimiento de prueba que habrán de utilizarse, siempre que con ello se adelante la solución de controversias de forma rápida, justa y económica. Esta política tiene el efecto de facilitar la tramitación de los pleitos y evitar los inconvenientes, sorpresas e injusticias que surgen, cuando las

partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. Además, permite a las partes precisar con exactitud los hechos en controversia, ya que en nuestro ordenamiento procesal el propósito de la demanda es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes.

Cónsono con lo anterior, y como parte de la discreción concedida a los foros primarios en torno al descubrimiento de prueba, éstos están facultados **para dictar cualquier orden que entienda justa o necesaria respecto a alguna parte que se negase a descubrir lo solicitado u ordenado.**

Por su parte, La Regla 34.3(b)(3) de Procedimiento Civil dispone, en lo pertinente, lo siguiente:

> Si una parte . . . deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba . . . el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:
> [...]
> (3) Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.
> [...]
> (Énfasis nuestro).

De tal forma, los foros judiciales tienen la facultad de imponer sanciones, cuando una parte incumpla con los parámetros de un descubrimiento de prueba.

**IV.**

De umbral establecemos que estamos ante una limitación de prueba no descubierta y/o no anunciada. Es decir, no se trata de eliminación de alegaciones por un reiterado incumplimiento. La AGSM aduce que el TPI abusó de su discreción al **limitar** la participación de la CPA Carmen Vega durante el juicio. El foro recurrido apoyó su dictamen ante el reiterado incumplimiento de

AGSM en contestar, adecuadamente, el único interrogatorio enviado por SAS y lo tardía en anunciar a la CPA como experta o perito en materia de seguros. Si el foro primario hubiera permitido lo solicitado por AGSM, indudablemente hubiera colocado a SAS en total desventaja de cara a un juicio.

A tenor con la norma jurídica esbozada, la discreción del foro primario y la controversia relativa al descubrimiento de prueba, no están contempladas dentro de las instancias en las que, conforme a Regla 52.1 de Procedimiento Civil, supra, procede que se expida el auto de *certiorari*. Por tanto, no se justifica nuestra intervención, salvo que se cumpla algunas de las circunstancias enumeradas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Como indicamos en el apartado anterior, los tribunales de instancia tienen amplia discreción para emitir cualquier orden respecto a cualquier parte que se niegue en descubrir lo ordenado. Por ello, como foro apelativo, no debemos de intervenir con tal ejercicio, salvo la presencia de un claro error, prejuicio o abuso de discreción.

En este caso, basta revisar el expediente ante nuestra consideración para percatarse de que el foro de primera instancia evaluó punto por punto los eventos e incumplimientos de AGSM. Resulta evidente que le concedió varias oportunidades, sin embargo, AGSM nunca cumplió en contestar el interrogatorio o en anunciar a la CPA como experta en seguros. Sin olvidar que AGSM tampoco formuló una justa causa por tales incumplimientos.

Así pues, realizado el análisis bajo la Regla del Reglamento de este Tribunal, supra, no encontramos que, en su determinación, el TPI haya incurrido en un abuso de discreción o que este haya actuado con el prejuicio o en fracaso de la justicia. Tampoco se demostró que el tribunal se haya equivocado en la interpretación o

aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra cualquiera de las partes.

Por tanto, en ausencia de los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, o de alguno de los consignados en la Regla 40 de nuestro Reglamento, supra, nos abstenemos de intervenir con el dictamen recurrido.

**V.**

Conforme a lo anteriormente expuesto, se deniega la expedición del auto de *certiorari*. Por lo anterior, se mantiene en pleno vigor la limitación determinada por el TPI en la *Resolución* del 4 de noviembre de 2024.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Pagán Ocasio disiente, sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones